MATHEWS, Justice.
This is an appeal from a final decree in the Circuit Court of Polk County. The City of Winter Haven was the owner of a certain airport and entered into a contract with the appellants whereby they were required to perform certain duties under the contract and operate the airport. They were required to account for and pay over to the City fifty percent of all of the net income from operations and fifteen percent of the net income derived from the sale of new and used aircraft. It was alleged that they operated during the years 1947, 1948 and 1950, but had failed to properly account to the city and pay over the money due, and that in 1950 appellants abandoned the operation and supervision of the airport. The bill of complaint prayed for an accounting, cancellation and rescission of the contract and for determination of the rights of the appellants, if any, under the provisions of said contract and for appropriate provisions to be made for a decree with reference thereto. A copy of the contract was attached to and made a part of the bill of complaint.
The testimony showed that the appellants had abanadoned the airport and its operation and had gone to California; that they had not accounted to the City of Winter Haven in accordance with the terms of the contract.
Paragraph 20 of the contract provided that said buildings should remain the property of the appellants and that at the determination of the contract, the City should have the right and option to purchase these improvements at their actual value, less an agreed amortized charge of $1,000 per year. This section is as follows:
“In arriving at such actual cash value, the parties hereto agree that in the event they cannot agree between *809 themselves on such actual value, then the question shall be submitted to arbitration to which both parties agree to be bound, the City of Winter Haven to appoint one arbitrator, the operators to appoint one arbitrator, and these two arbitrators to appoint a third, and the opinion and judgment of the majority of the Board of Arbitrators shall be binding upon both parties hereto.”
The Chancellor took testimony and determined the actual value of the improvements. It is now contended that this is error and that the only way the City could acquire the improvements and have the value determined was either by a suit in eminent domain or by having the value fixed and determined by the arbitration as provided for in the contract.
The law with reference to eminent domain is not applicable in this case. The right to acquire the improvements was covered by contract and when the City went into a Court of equity, after a breach of certain portions of the contract, asking for an accounting and that the Court determine the rights of the appellants and make an appropriate decree, the Court of Equity had jurisdiction to determine the entire matter and do complete equity in view of what happened in the suit.
It appears that the appellants offered an expert witness for the purpose of determining the fair value of the improvements. This was objected to by the City on the ground that the contract provided a method of determining such value by arbitration. The Court made the following order on this obj ection:
“The Court will overrule the objection because it is now in a court of Equity for final disposition of the issue between the parties and the Court considers that it has jurisdiction to settle all these questions that were originally provided should be settled by arbitration.”
Later at the same hearing the City renewed its objection to the taking of testimony by the Johnsons as to the value of the property at which time it was admitted that the Johnsons were in default under the contract and that this gave the City the right to exercise its option, and the following statement was made on the record by the; Attorney for the Johnsons:
“On behalf of the defendants, it is conceded that the City of Winter Haven is under no compulsion nor obligation to buy these buildings or any of them. They merely have an option under the lease agreement to do so at its expiration*”
Later a stipulation was entered into whereby it was admitted that the Johnsons were in default and the City would have the right to make the election to purchase the improvements. The Chancellor had already permitted expert testimony to go into the record as to the value of such improvements. Under this stipulation and the City withdrew its objections to the testimony of the Johnsons and their witnesses as to the value of such improvements. The stipulation contained the following:
“1. That whereas the City of Winter Haven has elected to purchase the permanent improvements placed on Gilbert Field pursuant to the contract involved in this cause, the plaintiff hereby withdrawn its objections to testimony as to the value of said buildings except the T hangar, which objections were based on the fact that the City at the time of the giving of such testimony, had not so elected.
******
“3. That this stipulation is entered into primarily in order to enable the plaintiff to enter into a lease agreement with agencies dealing with the United States Air Force, for the purpose of training United States Air Forces, and that the parties do hereby agree and stipulate that the plaintiff, upon approval hereof by the Court, shall have the right to deal with said premises and property in accordance with its best judgment, and without further order of Court.
*810 “3-A Defendants hereby reserve all rights with respect to the subject matter of this litigation, except right to possession, as those rights, áre expressed in the lease agreement which is involved in this cause.”
In the final decree the Chancellor stated:
“IS. After all testimony was taken before the Court and both parties announced the conclusion of their testimony, and upon final argument of the case before the Court, counsel for Johnsons, for the first time, advanced the contention that the Court had no jurisdiction to fix, from evidence introduced by the parties in the case, the value to be paid by the City to Johnsons for the improvements placed upon the airport by Johnsons under section 20 of the Contract, and that such actual value should be arrived at either by arbitration as described in Section 20 of the Contract or by a sale of said improvements to the highest bidder by order of the Court
“It is the opinion of tile Court that this contention comes at a late hour. In the progress of the taking of testimony before the Court, testimony was taken on behalf of plaintiff and defendants as to the actual value of the, said improvements, and .this testimony would be of no value except as a basis for a decree by the Court fixing such value, in case the City should elect to purchase said improvements under said Section 20 of the Contract. On January 8, 1953, the parties plaintiff and defendant filed with the Court a stipulation, now a part of the file herein, providing that the City exercise its option to purchase such improvements and that the City take possession of said property and-premises.”
It appears that this entire matter was submitted to a Court of Equity for adjudication and that the appellants voluntarily submitted their evidence on the question now complained of. There- was no complaint of .any kind from the Johnsons with reference to the Court fixing the value of the property until áfter they ascertained what value the Court would fix at the time of the signing of the final decree.
Under the facts shown by this record the Court below had full and complete jurisdiction to determine all of the matters submitted, and we find no reversible error.
Affirmed.
ROBERTS, C. J., TERRELL, J., and MILLEDGE, Associate Justice, ■ concur.